THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KATHY A. BONES, an individual<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC; JOHN DOE, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:18 -cv-10368-CJC-KES<br><br>[*Lancaster Superior Court Case No.: MC027580*]<br><br>**[Discovery Document: Referred to Magistrate Judge Karen E. Scott] [~~PROPOSED~~] PROTECTIVE ORDER** |

The Court having read the parties' Joint Stipulation for Entry of A Protective Order in this matter, finding no objection and good cause appearing,

**IT IS HEREBY ORDERED** that this Joint Stipulation for Entry of A Protective Order is **GRANTED**, and the following protective order is entered:

1. All Confidential Documents shall be designated as "CONFIDENTIAL" by the Defendant and shall be revealed only to a settlement officer, Plaintiff, counsel of record in this case, paralegals, law clerks and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. Information and documentation considered "CONFIDENTIAL" are subject to protection under the Local Rules of the U.S. District Court – Central District

of California, Rule 26 of the Federal Rules of Civil Procedure, and other provisions of Federal law.

  2. Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, law clerks, secretarial employees under counsel's direct supervision, such persons employed to act as experts in this action, and the court and its personnel. At the conclusion of the proceedings in this action, all documents and information subject to this Protective Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for Defendant or destroyed. Counsel for Plaintiff must also submit to the Defendant a written certification that identifies all the confidential material that was returned or destroyed and affirms that neither the Plaintiff nor Plaintiff's counsel has retained any confidential material.

  3. Prior to disclosure of any documents designated as "confidential" to paralegals, law clerks, or secretarial employees of counsel for Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

  4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

  (a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

  (b) Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this

protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. The recipient of any Confidential information that is provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

6. Inadvertent failure to designate documents or information as "confidential" at the time of production or disclosure shall not constitute a waiver of any party's right to later designate them "confidential." Once a belated designation has been made, the relevant documents shall be treated as Confidential in accordance with this Protective Order.

7. The Court's Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence. **Motions shall comply with Local Rule 37 or the Court's procedures for telephonic hearings posted online.**

8. This Order does not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

9. If Plaintiff's counsel plans to file a motion or other document with the court that will include any of the Confidential Documents as exhibits or attachments, Plaintiff's counsel must first notify Defendant's counsel in writing at least 21 days before filing said motion or other document with the court so Defendant's counsel has the ability to move to seal the Confidential Documents under applicable law and local rules.

///

10. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**IT IS SO ORDERED.**

Dated: March 12, 2019      By: *Karen E. Scott*
         Honorable Karen E. Scott
         United States Magistrate Judge

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221